# **EXHIBIT 7**

2/19/2024 Lloyd's Reply in Support of Motion to Intervene

(Civil Rights Dkt. 72)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| TYSHON EDWARDS, | : | |
| | : | |
| Plaintiff, | : | Case No. 3:20-CV-13552 |
| | : | |
| v. | : | |
| | : | |
| CITY OF TRENTON, MICHAEL TILTON, JOHNATHON CINCILLA, NICHOLAS MAHAN, ERIC AVALOS, ANTHONY KUBISH, and JOHN DOES 1-8, | : | **BRIEF IN SUPPORT OF INTERVENOR, CERTAIN UNDERWRITERS OF LLOYD'S LONDON'S MOTION TO INTERVENE PURSUANT TO F.R.C.P. 24** |
| Defendants. | : | |

Intervenor, Certain Underwriters of Lloyd's London ("Underwriters"), by and through their attorneys, MacMain Leinhauser PC, respectfully submit this Brief in Reply to the Opposition filed by Defendants and Plaintiff to the Intervention by Underwriters in the above matter.

The City of Trenton (the "City") and Plaintiff in the above matters seek approval from This Court of the Settlement Agreement and Consent Judgment presented. The request from the parties is that the Settlement Agreement and Consent Judgment would be approved pursuant to *Griggs v. Bertram*, 88 N.J. 347 (N.J. 1982).

Under *Griggs*, "[w]here an insurer wrongfully refused coverage and a defense to its insured, so that the insured is obliged to defend himself in an action later held to be covered by the policy, the insurer is liable for the amount of the judgment obtained against the insured or of the settlement made by him. The only qualifications to this rule are that the amount paid in settlement be reasonable and that the payment be made in good faith. [*Fireman's Fund Ins. Co. v. Security Ins. Co. of Hartford*, 72 N.J. at 71, *quoting N.J. Mfgrs. Ind. Ins. Co. v. United States Cas. Co.,* 91 N.J. Super. 404, 407-408 (App.Div.1966)]."

The City and Plaintiff seek This Court's approval and purport to present this matter in good faith to the Court. However, an incomplete record on this matter would make the finding of This Court subject to appellate review and may void the enforceability of the Agreement altogether. Prudence dictates that the Court allow Underwriters to intervene in order to engage in a full hearing on the issue of whether the Consent Judgment is fair and reasonable, along with analyzing whether it was entered into in good faith.

Tellingly, in response to the Petition to Intervene on behalf of Underwriters, the parties raised the issue of collusion as part of our objection to our request to intervene. While Underwriters did not make any accusation related to collusion, it appears that the seed in the minds of the party seeking approval here is that they somehow colluded to deprive Underwriters of their rights.

Moreover, making a finding that the settlement is entered into in good faith under *Griggs* would presuppose a denial of coverage, which has not occurred, and could deprive Underwriters of the ability to challenge the premise upon which a *Griggs* settlement must be reached. Specifically, whether a denial of coverage has been issued by Underwriters is in dispute. Here, Underwriters has long held the position that it has not denied coverage, despite the alleged statement that it does not believe that coverage may exist. Assuming for the sake of argument that the statement on the belief was actually made, this is not a denial of coverage, but an opinion based on an incomplete analysis of the records. The City's failure to act in good faith under the Policy, the incomplete nature of the analysis of the claim, and the pleadings professing claims that are not covered under the Policy all provide a basis for the belief asserted by Underwriters. However, absent a definitive denial of coverage, a *Griggs* approval is inappropriate under the circumstances.

Additionally, the evidence of a colluded adjudication by the parties is evidenced by the fact that the City enters into a Consent Judgment *Monell* liability claim, necessarily conceding that it engaged in a practice or had a policy that violated the constitutional rights of the Plaintiff, but then denies the factual basis for establishing such a claim. Under the circumstance, denying the factual allegations but consenting to a judgment on a claim, with the agreement of Plaintiff, could preclude any coverage. This, of course, also ignores the fact that Plaintiff was in fact in possession of 1,000 baggies of heroin when he was arrested, regardless of the predicate presented by the City of Trenton police officers for the stop.

Counsel for the individual Defendants and Plaintiff want to point to the Hamilton Township incident regarding the unlawful arrest of an individual and the settlement they are in as a guide for this case and to establish the good faith and reasonable nature of this settlement. However, they ignore the fact that the Hamilton Police Department withheld evidence, arrested an individual that was actually innocent of the crime, and continue to drag out a prosecution for over two (2) years, depriving an innocent young man of his opportunity to go to college in a timely manner or complete his senior year of high school.

As indicated above, this case is not on all fours with the factual foundation of the present matter and the comparison presented is inapposite. Assuming the factual foundation of Plaintiff's case is true and the City of Trenton police officers fabricated their police reports, Plaintiff in this case is not entirely innocent. It is undisputed that he was in possession of 1,000 bags of heroin partitioned for distribution. While the officers' conduct may have been found in an adjudication to be improper in causing the stop, effectuating the arrest, and inaccurately reporting on the matter, there can be no claim of reputational harm to an individual caught in possession of the very drugs he was intending to distribute. Underwriters does not minimize the alleged

3

constitutional violation by this argument (which Plaintiff apparently dismisses on the merits), but it stands to reason that the value of a claim for a drug dealer who was arrested in possession of heroin he intended to distribute would be valued less than a claim by an innocent high school senior who was railroaded by the Hamilton Police Department. The presentation to This Court that these matters are analogous is at best, wishful thinking, and deserves a thorough review from the Court which the parties appear intent on avoiding.

In another flaw in the proposed assignment, the parties proposed that a "court of competent jurisdiction" could address the issues related to the matter. However, the arbitration provision of the Agreement indicates that an arbitration panel is required to adjudicate any dispute among the parties under the policy. If the assignment is permitted to go forward, which Underwriters contests and does not agree to, then there is no Court competent to adjudicate this dispute, and as such, Plaintiff would be without recourse. As such, approving the settlement proposes one (1) of two (2) potential outcomes. Either Underwriters would be forced to litigate a matter in a forum that it has not selected to engage with in the City, or Plaintiff would be absent in his ability to enforce this matter since no court of competent jurisdiction could address the matters raised herein and thus they would have no venue to pursue the claims alleged to exist.

Finally, the City of Trenton's misunderstanding about the nature of the policy, the obligations contained therein, and the statements by defense counsel related to the alleged failure of Underwriters to contribute to the settlement, all lead to a fundamental flaw in approving the proceedings going forward.

Plaintiff cites *Travelers Indem. Co. v. Dingwell*, 884 F.2d 629 (1st Cir. 1989); *Castracane-Sedlac v. Mason*, 2021 WL 4710513 (D.N.J. Oct. 8, 2021); *CPL (Linwood), LLC . v. Rossetti Roofing, Inc.*, 2010 WL 11570374 (D.N.J. Jul. 28, 2010); and *Deskevich v. Spirit Fabs,*

4

*Inc.*, 2021 WL 880429 (M.D. Pa. Mar. 9, 2021) to argue that Underwriters' interest to contest indemnity coverage is "too contingent and remote to support intervention." However, unlike the insurers at issue in those cases, Underwrites do not seek to intervene in this lawsuit in order to have this Court directly address its duty to indemnify the City and issue a declaration on that coverage issue. Instead, Underwriters seek to intervene to prevent Plaintiff and the City from entering a Consent Judgment based on Count III of the Complaint (*i.e.*, the 42 U.S.C. § 1983 *Monell* Liability claim against the City), while at the same time also seeking a specific factual finding that "Defendant City of Trenton and its agents did not knowingly or intentionally violate or deprive Plaintiff of any rights protected by any federal, state, or local laws, or commit any acts not reasonably related to the execution and/or enforcement of the law, or commit any acts with the knowledge and intent to cause injury or damage or which could reasonably be expected to cause injury or damage," which are facts that in turn undercut the very idea that the City could be liable under *Monell*.

New Jersey federal courts and the 3rd Circuit have recognized that to prevail on a *Monell* claim, a plaintiff must show that the municipality, through one of its policymakers, affirmatively proclaimed the policy, or acquiesced in the widespread custom, that caused the violation. *Watson v. Abington Twp.*, 478 F.3d 144, 155–156 (3d Cir.2007). A showing of simple or even heightened negligence will not suffice. *See, e.g., Berg v. Cnty. of Allegheny*, 219 F.3d 261, 276 (3d Cir.2000). Plaintiff and the City seek to settle Plaintiff's *Monell* claim alone through a Consent Judgment, yet do so in a way that is designed for this Court to enter factual findings that state the sort of "deliberate indifference" that must be shown to actually prevail on a *Monell*

claim is not even present.[1] The above is a thinly-veiled attempt to preclude Underwriters from evaluating whether a Consent Judgment based on *Monell* liability is actually covered under the Policy by having this Court judicially determine facts that undercut the very basis for that liability under federal law.

The denial of intervention for Underwriters in a circumstance like this would allow to go forward a settlement agreement that is flawed on its face, fails to meet the criteria for an assignment under the Policy, fails to adhere to the basic understanding of *Monell* liability, and could put the parties in a position where no recovery beyond the $500,000 that is available.

While such a prospective outcome might be to the advantage of Underwriters, prudence dictates that intervention here and a resolution of the matter fully and definitively is in the best interest of all parties.

Respectfully submitted,

**MacMAIN LEINHAUSER PC**

Dated: February 19, 2024  By:  */s/ Brian H. Leinhauser*
　　　　　　　　　　　　　　　　Brian H. Leinhauser
　　　　　　　　　　　　　　　　Brian C. Conley
　　　　　　　　　　　　　　　　Attorney I.D. Nos. 59320 / 311372
　　　　　　　　　　　　　　　　433 W. Market Street, Suite 200
　　　　　　　　　　　　　　　　West Chester, PA 19382
　　　　　　　　　　　　　　　　*Attorneys for Intervenor*

---

[1] Nor is Underwriters' motion to intervene untimely. Underwriters had no way of knowing that Plaintiff and the City would attempt to settle this matter by entering into a Consent Judgment without Underwriters' consent that found the City liable on the basis of *Monell*, yet then specifically had factual findings in the Judgment that stand in direct contrast to what Plaintiff would have to show to prevail on a *Monell* claim. Once Underwriters became aware of the Consent Judgment and motion to approve on January 26, 2024 (Doc. 62), Underwriters filed its motion to intervene on February 9, 2024. There was no reason to intervene in this matter until Underwriters became aware of the City's and Plaintiff's attempt to enter into what appears to be a collusive settlement agreement.

6

## CERTIFICATE OF SERVICE

I, Brian H. Leinhauser, Esquire, hereby certify that on this 19th day of February, 2024, a copy of the foregoing was served upon the following via ECF notification:

Jeffrey L. Nash, Esquire
Cozen & O'Connor
Libertyview Building – Suite 300
457 Haddonfield Road
P.O. Box 5459
Cherry Hill, NJ 08002-2220
*Attorney for Plaintiff*

John S. Stapleton, Esquire
Levan Stapleton Segal Cochran LLC
Four Greentree Centre
601 Route 73 N, Suite 303
Marlton, NJ 08053
*Attorney for Plaintiff*

Rashaan Sharif Williams, Esquire
City of Trenton
319 East State Street
Trenton, NJ 08611
*Attorney for Defendant, City of Trenton*

Charles R.G. Simmons, Esquire
Simmons Law LLC
28 Washington Street
Suite 104
East Orange, NJ 07717
*Attorney for Defendant, Michael Tilton*

J. Brooks Didonato, Esquire
Parker, Mc Cay
9000 Midlantic Drive
Suite 300
P.O. Box 5054
Mount Laurel, NJ 08054
*Attorney for Defendants Cincilla, Mahan, Avalos and Kubish*

**MacMAIN LEINHAUSER PC**

Date: February 19, 2024    By:    */s/ Brian H. Leinhauser*
                                  Brian H. Leinhauser
                                  Attorney I.D. No. 038102006
                                  433 W. Market Street, Suite 200
                                  West Chester, PA 19382
                                  *Attorney for Intervenor*