# **EXHIBIT 10**

2/27/2024 Officers' Reply in Support of Motion for Approval

(Civil Rights Dkt. 77)

# PARKER McCAY

**Parker McCay P.A.**
9000 Midlantic Drive, Suite 300
P.O. Box 5054
Mount Laurel, New Jersey 08054-1539

P: 856.596.8900
F: 856.596.9631
www.parkermccay.com

**J. Brooks DiDonato, Esquire**
P: 856-985-4047
F: 856-494-1715
bdidonato@parkermccay.com

February 27, 2024

File No. 15108-91/JBD

The Honorable Magistrate Douglas E. Arpert
UNITED STATES DISTRICT COURT
US Courthouse/Clarkson S. Fisher Building
402 East State Street
Trenton, NJ 08608

   Re: **TYSHON EDWARDS v CITY OF TRENTON, ET AL**
      Civil Action: 3:20-cv-13552-ZNQ-DEA

Dear Magistrate Judge Arpert:

  As Your Honor is aware, I represented defendants, Cincilla, Mahan, Avalos, and Kubish (collectively, the "Officers") relative to the above matter prior to their dismissal as part of the proposed Settlement Agreement to be considered and heard by Your Honor on February 28, 2024. As previously indicated, while my clients have been dismissed, I cannot help but respond to the opposition to the motion to approve that settlement recently filed by Certain Underwriters of Lloyd's London ("Underwriters"), as I was instrumental in negotiating that settlement, and as a denial of that motion would result in an application to re-instate the Complaint against the Officers. However, unlike Underwriters I will be brief and to the point.

  As essentially conceded in the first sentence of its brief, Underwriters has no standing to either comment upon or object to the Settlement and Consent Judgment scheduled to be ruled upon by Your Honor on February 28, 2024, as it is not a party to the action whose settlement is proposed. Absent intervention in that action, which is plainly not warranted here, nor has it yet been granted, this court should disregard Underwriters' arguments out of hand. Underwriters is not now and never has been a



party to the case or the settlement, the latter of which by its own choosing.

I am not going to address the arguments made by Underwriters in its brief that question the propriety of the settlement, nor even defend myself from the intentional misrepresentations made by Underwriters with respect to my representation of my clients or dealings with Underwriters and Mr. Koury, as those issues are not germane to those now before this court. I will, however, once again confirm that which no one challenges; that Underwriters issued a Reservation of Rights in this case and Mr. Koury explicitly stated in writing that *Underwriters do not believe that coverage exists for this matter.* Under such circumstances, our courts have held that the carrier cannot complain when its insured thereafter settles the claim without its consent. Indeed, in *Cay Divers, Inc. v. Raven,* 812 F.2d 866, 871 (3d Cir. 1987), the court held that:

> In the instant case, however, *Lloyds chose to defend only by providing the insured with independent counsel, reserving the right to contest coverage. By this action it renounced control of the litigation and thereby thrust responsibility for the litigation wholly upon the insured and its counsel.* Do-It-Fluid had to proceed as best it could with its own defense, although assisted and advised by counsel. *Lloyds cannot now complain that Do-It-Fluid breached its obligations under the Litigation Clause of the policy by proceeding to settlement, especially when it has done nothing to compromise Lloyds' reserved right to contest coverage.* Do-It-Fluid's forced exercise of control over the underlying litigation may have also benefitted Lloyds should coverage be determined to be adverse to it, and the discharge of the responsibility thrust upon Do-It-Fluid may not now be used as a device to deprive it of an opportunity to be heard on the question of coverage.
>
> Lloyds is not left without an opportunity to assert and demonstrate non-coverage under the insurance contract, for it may defend in the action for indemnification based upon the reservation of rights. Lloyds' contention that the indemnity provisions of the policy cannot be invoked because Do-It-Fluid compromised the claim in the underlying action instead of proceeding to trial and judgment has no merit. *The prohibition in the policy against settlement of claims without the written consent of the insurer pertains to claims for which liability is assumed under the policy. In this case, however, Lloyds never assumed liability and a settlement in*



Page 3

*response to a suit is not a violation of the contract of insurance. Cay Divers, supra*, 812 F 2d at 870[1]. (Internal citation omitted) (emphasis added).

Plaintiff and the defendants have entered into a settlement here that does not at this time involve Lloyds, necessarily or otherwise. We submit to the court that it has no standing to intervene, much less to object to the settlement agreement reached between the parties *at this juncture.* All of the arguments offered by it in support of the Motion to Intervene and in opposition to the Motion to Approve have been reserved by it at its own choosing, and can be left for another day, either in response to a motion to compel payment of the Consent Judgment or an action to deny coverage with respect to same.

Thank you for your courtesy and consideration in this matter.

Respectfully submitted,

*s/ J. Brooks DiDonato*
J. BROOKS DIDONATO

/de
Cc: John S. Stapleton, Esq.
Jeffrey L. Nash, Esq.
Wesley Bridges, Esq.
Rashaan S. Williams, Esq.
Charles R.G. Simmons, Esq.
Davis Koury, Esq.
Marc Board

---

[1] Given that the Third Circuit plainly disapproved of a Lloyds Underwriters strategy essentially identical to the position taken by Underwriters here more than 27 years ago, one would think they might have dropped it from its playbook.